# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| MICKI ANTONIO WILLIAMS, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:07-CV-90023 |
| v. | * | Rule 60(b) Motion |
| | | CASE NO. 5:94-CR-79 WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### Procedural History

Petitioner Williams was originally indicted in this District on December 6, 1994 (R-2), along with two other named Defendants. On February 22, 1995, a Superseding Indictment issued charging Williams with multiple counts of car-jacking and the use of firearms. (R-33). He was tried by jury which returned verdicts of Guilty on Counts I, II, III, IV, V, VIII, and IX, and Not Guilty as to Counts VI and VII on September 13, 1995. (R-83). Williams was therefore convicted of Conspiracy to Committ Carjacking in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 2 as to Counts I, II, IV, and VIII, and Use and Carrying a Firearm during Carjacking in Counts III, V, and IX in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. Petitioner Williams' sentence was rendered the Judgment of the Court on November 5, 1996, in the total amount of 1500 months incarceration, all sentences being run consecutively. (R-92). Williams appealed his conviction and sentence which were affirmed by the United States Court of Appeals for the Eleventh Circuit on November 5, 1996. (R-97). He then filed

his first Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-102), which was dismissed on May 5, 1999. (R-104). On March 27, 2000, Williams filed a second § 2255 Motion which was dismissed on April 21, 2000. (R-108). Williams moved for reconsideration of the dismissal of his March 27, 2000 Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (Case No. 5:00-CV-4) on May 8, 2000 (R-109), which was again dismissed as untimely or successive. Williams persisted and filed a second Motion For Reconsideration of the same § 2255 Motion on June 6, 2000 (R-110), upon which no action was apparently taken. On November 20, 2007, Williams filed a Rule 60(b) Motion (R-111), which the Clerk has entered as a third § 2255 Motion, but which will be treated, as intended, as a Rule 60(b) Motion challenging the dismissal of Williams § 2255 Motion of May 5, 1999. (R-104).

### **Petitioner's Rule 60(b) Claims**

Petitioner Williams made a skeletal Motion For Relief From Judgment Or Order Pursuant To Fed. R. Civ. P. 60 (b)(6) in which he stated that he wanted relief from this court's judgment on his 28 U.S.C. § 2255 Motion of May 5, 1999, for reasons stated herein as follows:

       (1). Ineffective assistance of counsel;

       (2). Court's Abuse of Discretion;

       (3). Court's failure to give competency hearing.

Petitioner pleaded no more specific claims in his Motion. However, in his Memorandum In Support Of Motion For Relief From Judgment Or Order Pursuant To Fed. R. Civ. P. 60 (b)(6), Petitioner Williams states on page 1 of 24 that:

> [T]he petitioner submits that he is entitled to vacation of his sentence and conviction, and to have his 2255 Habeas Corpus decision reopened as a result of counsel's deficient performance, and the abuse of the

court's discretion pertaining to an insanity defense, and the court's failure to give petitioner a competency hearing which altered the outcome of the proceeding of Petitioner's case.

In his **Factual Background** section beginning on page 4 of his Memorandum, Petitioner Williams acknowledges that on February 24, 1995, the Court, upon Government's motion, ordered a psychiatric evaluation, which was preformed at the Federal Medical Center at Springfield, Missouri and reported to the court. Petitioner had previously noted on page 2 of his Memorandum that the results of the psychiatric evaluation diagnosed Williams as follows:

(1) Antisocial Personality Disorder;

(2) Multiple Learning Disabilities;

(3) Borderline retarded.

Nowhere else in his Rule 60(b) Motion or his Memorandum attached thereto does Petitioner Williams complain of any specific error or omission that the Court committed or omitted in his § 2255 Motion filed on June 17, 1998, in case No. 5:98-CV-197. There is an obvious reason for this failure on Petitioner's part. The Court found that Petitioner's 28 U.S.C. § 2255 Motion filed on June 17, 1998 (R-102), was time-barred. William's Sentence and Judgment issued on February 1, 1996 (R-92), and was affirmed by the United States Court of Appeals for the Eleventh Circuit on November 5, 1996 (R-97). Petitioner had 90 days thereafter to file for a *writ of certiorari* from the United States Supreme Court, which he did not do. Therefore, his judgment became final on February 5, 1997, according to the AEDPA one-year statute of limitations contained in § 2255.[1]

---

[1] The Supreme Court held that, for federal criminal defendants who do not file a petition for certiorari with that Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003). *See Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002).

## Conclusion of Law

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255, effective on April 24, 1996, in relevant part provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In *Boone v. Sec'y, Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), the court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . .
> Sitting en banc our Court found that the Supreme Court's recent decision in *Calderon*[2] clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions. We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court.[3] We reasoned that, "because a petitioner's attempt to reopen a

---

[2] *Calderon v. Thompson,* 523 U.S. 538, 118 S.CT. 1489 (1998).

[3] " 'Fraud upon the court' . . . embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."

4

final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

The Court went on to say that if the Rule 60(b) motion is not designed to prevent a fraud upon the court, but rather to re-open his habeas judgment, the court lacks subject matter jurisdiction over the motion. *Id.* at 1317. Likewise, the Court ruled earlier in 2004, *Gonzalez v. Sec'y of Dept. Of Corr.,* 366 F.3d 1253, 1277 that:

> [I]f the grounds of relief stated in the Rule 60(b) motion satisfy the stringent requirements of § 2244(b)(1) & (2), the petitioner should put those grounds in a habeas petition and move under § 2244(b)(3)(A) for an order from the court of appeals authorizing the district court to consider it. The point of the rule we announce today is that the petitioner may not get around the statutory restrictions on second and successive petitions by filing a Rule 60(b) motion, unless the grounds of the motion fit within one of the exceptions of the two statutory exceptions.

From all of the foregoing authority, it clearly appears that this court cannot exercise jurisdiction over Petitioner's Rule 60(b) Motion until such time as it is authorized to do so by the United States Court of Appeals for the Eleventh Circuit pursuant to the trumping provisions 28 U.S.C. § 2244 (b)(3)(A), according to *Boone, Gonzalez,* and *Calderon.* " When a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion." *El-Amin v. United States,* 172 Fed. Appx. 942, 946 (11th Cir. 2006)(treating Rule 60(b) motion as successive § 2255 motion and remanding to the district court to modify its order to reflect that motion is dismissed for lack of jurisdiction).

---

*Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985). *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267 (11th Cir. 2007).

In *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641 (2005), Court ruled that pleadings labeled as Rule 60(b) motions that are in substance successive habeas petitions "should be treated accordingly," and that using Rule 60(b) to present new claims for relief from judgment circumvents statutory requirements "that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 2647.

The *Gonzalez* Court held that if a Rule 60(b) motion contains one or more "claims," the motion is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be "inconsistent with" the statute. A Rule 60(b) motion can be said to bring a "claim" if it seeks to add a new ground for relief from the defendant's conviction or attacks the federal court's previous resolution of a claim on the merits.

> Inasmuch as his Rule 60(b) motion continues to raise substantive claims, it is subject to dismissal as a second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, and unauthorized. "Federal prisoners seeking to file a second or successive Motion To Vacate, Set Aside, or Correct his Sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." *In re Joshua,* 224 F.3d 1281, (11th Cir. 2000).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Rule 60(b) Motion be dismissed so that he may petition the United States Court of Appeals for the Eleventh Circuit for authorization to file a successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written

objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 5th day of December 2007.

S/ G. MALLON FAIRCLOTH<br>
UNITED STATES MAGISTRATE JUDGE